## Steinberg v. Steinberg, etc.

*Therman P. Britt*, for plaintiff.

*Duffy, McTighe & McElhone*, for defendant.

DANNEHOWER, J., January 13, 1953.—In this equity proceeding, after divorce, under the Act of May 10, 1927, P. L. 884, 68 PS §§501-03, to partition real estate which was acquired by a husband and wife, as tenants by entireties, about two months after judgment was entered against defendants for failure to plead, and a trustee was appointed, who sold the real estate, defendant filed an answer and counterclaim, alleging plaintiff had removed defendant's personal property valued at $1,600, collected rents amounting to $5,000, and defendant made repairs, paid taxes amounting to $4,581.19, and sought a decree for an accounting and reimbursement in the amount of one half of the above items.

Plaintiff filed these preliminary objections: (1) That answer and counterclaim were filed too late, and (2) that the counterclaim has no legal status in this equity proceeding for partition, as defendant has a full and adequate remedy at law.

After argument, these preliminary objections are pending for decision.

This bill in equity was filed on June 27, 1952, under the old Equity Rules, but on July 1, 1952, the new Equity Rules became effective and applied to all actions pending at that time. Service of the bill was made on June 27, 1952, and as no answer was filed, on August 7, 1952, judgment was entered against defendant for failure to plead and on August 12, 1952, a trustee was duly appointed. On September 13, 1952, public sale was duly held and defendant purchased

the real estate for $30,600. On October 10, 1952, defendant, without leave of court, filed an answer and counterclaim and on October 14, 1952, the court ratified and confirmed the trustee's sale.

Since defendant failed to plead within the required time to the complaint endorsed with a notice to plead (in 30 days) judgment by default was duly entered and a court decree was signed.

Under the new Equity rules, the procedure shall be in accordance with the rules relating to the action in assumpsit and since defendant failed to file a responsive pleading within 30 days (now 20 days under the new rules) as endorsed on the complaint, he cannot at that late date more than two months after judgment, file an answer or counterclaim.

Furthermore, the claim of defendant in his counterclaim has no place in these proceedings, which are entirely statutory, and he must resort to his remedy at law.

The facts in this case show that the real estate was acquired in 1946, as tenants by entireties, and the divorce granted on January 13, 1949. Both events happened before the amending Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501, and are governed by the Act of May 10, 1927, P. L. 884.

Section 503 of this act provides:

". . . The interest of each . . ., subsequent to said divorce, shall be *conclusively* deemed to be one-half of the value of the property. . . ."

In spite of the language of the act, that the share of each tenant shall be conclusively deemed to be one half of the value of the property and that from the proceeds of the property only liens shall be deducted, defendant urges that equity having taken jurisdiction, it should retain jurisdiction for all purposes and give effect to his disputed claims against his former wife.

The very purpose of the act was to avoid issues of

fact such as are raised in this case, between a former husband and wife, and the word "conclusively" is used with the intent of putting to an end the raising of such issues of fact, otherwise it is meaningless.

See Heffelfinger v. Heffelfinger, 43 Dauph. 230 Reitz v. Reitz, 5 Fayette 143; Inman v. Wasler, 58 D. & C., 168, and also, Belles v. Edwards, 41 Luz. 213, where the court would not require the trustee in making his distribution, to take into consideration an alleged oral agreement for the repayment of money due from one to the other as a loan.

We therefore conclude that the answer and counterclaim were filed too late and without any authority, and that even if filed in time could not be considered by either the court or the trustee in his distribution, as such claims have no place in these proceedings, which are entirely statutory.

And now, January 13, 1953, for the foregoing reasons, both preliminary objections to the counterclaim are sustained, and the answer and counterclaim are ordered dismissed and stricken from the record.